UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0182-JMS-DKL-1 |
| | ) | |
| ROGER HODSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition"), filed on February 26, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 11, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On March 11, 2014, defendant Roger Hodson appeared in person with his appointed counsel, Joseph Cleary. The government appeared by Gayle Helart, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Hodson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Hodson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Hodson and his counsel, who informed the court they had reviewed the Petition and that Mr. Hodson understood the violations alleged.

3. The court advised Mr. Hodson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Hodson was advised of the rights he would have at a preliminary hearing. Mr. Hodson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Hodson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Hodson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Hodson of his right to a hearing on the Petition and of his rights in connection with a hearing.

6. Mr. Hodson, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

The offender reported a home address at his father's residence in Franklin, Indiana. This officer made four attempts to locate the offender at this address between January 14, 2014, and February 19, 2014. At each attempt, the offender was not located. This officer has received information from both the offender and his family members that he has been staying at various residences in Franklin and Edinburgh, none of which have been reported to the probation office.

2 **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

3 **"The defendant shall not unlawfully possess a controlled substance."**

4 **"The defendant shall refrain from any unlawful use of a controlled substance."**

As previously reported to the Court, the offender submitted five urine screens which have tested positive for amphetamine: January 8, 2014; January 16, 2014; January 22, 2014; February 3, 2014; February 4, 2014. The sample from January 16, 2014, was verified as testing positive for methamphetamine by a secondary laboratory. On February 3, 2014, the offender was confronted with the positive test results and admitted he had been smoking and snorting methamphetamine to produce all of the positive urine screens. He admitted he was physically addicted to methamphetamine and was unable to stop using this illegal drug by himself. In addition to methamphetamine, he admitted he had also been taking Adderall, a prescription amphetamine which he had gotten from third parties.

5 **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

The offender failed to report for three urine drug screens on January 14, 2014; February 17, 2014; and February 23, 2014. The offender failed to report for drug treatment sessions on December 30, 2013, and February 20, 2014. On February 3, 2014, the offender agreed to enter a 10 day detoxification program at Salvation Army Harbor Light, to be followed by placement at the Residential Reentry Center for a period of up to 180 days. He signed the waiver for RRC placement and this condition was ordered by the Court on February 14, 2014. The offender was scheduled to enter

3

Salvation Army Harbor Light on February 24, 2014, but failed to report as directed.

7. The court placed Mr. Hodson under oath and directly inquired of Mr. Hodson whether he admitted violations 1, 2, 3, 4, and 5, of his supervised release set forth above. Mr. Hodson admitted the violations as set forth above.

8. The court finds that:

   (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Hodson's criminal history category is 5.

   (c) The range of imprisonment applicable upon revocation of Mr. Hodson's supervised release, therefore, is 18-24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be modified; and (b) the defendant will reside at the Volunteers of America Residential Reentry Center for a period of six (6) months, with all other terms of supervised release to remain the same.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ROGER HODSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED**, and he is to reside at the Volunteers of America Residential Reentry Center for a period of six (6) months, with all other terms of supervised release to remain the same.

Counsel for the parties and Mr. Hodson stipulated in open court to waiver of the following:

   1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

4

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to 28 U.S.C. ' 636(b)(1)(B) and Fed. R. Crim. P. 59(b).

Counsel for the parties and Mr. Hodson are advised that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation that the court may reconsider.

WHEREFORE, the Magistrate Judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Hodson's supervised release to include residing at the Volunteers of America Residential Reentry Center for a period of six (6) months, with all other terms of supervised release to remain the same.

IT IS SO RECOMMENDED.

Date: 03/12/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal