UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0182-JMS-DKL-1 |
| | ) | |
| ROGER HODSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 11, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 25, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 25, 2014, defendant Roger Hodson appeared in person with his appointed counsel, Gwen Beitz. The government appeared by Gayle Helart, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Hodson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Hodson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Hodson and his counsel, who informed the court they had reviewed the Petition and that Mr. Hodson understood the violations alleged. Mr. Hodson waived further reading of the Petition.

3. The Court advised Mr. Hodson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition Mr. Hodson was advised of the rights he would have at a preliminary hearing. Mr. Hodson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Hodson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Hodson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Hodson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. On March 12, 2014, Mr. Hodson, by counsel, stipulated that he committed Violation Numbers 1 through 5 set forth in the Petition and the Court takes judicial notice of the same.

7. Mr. Hodson, by counsel, stipulated that he committed Violation Number 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **"The defendant shall reside for a period of 180 days at a Residential Reentry Center (RRC) as directed by the probation officer, and shall observe the rules of that facility."** |

On March 11, 2014, the offender admitted violations 1-5 of a petition filed on February 25, 2014. The Court modified his conditions to include a 180 placement at a RRC. The offender began this placement on March 12, 2014. The offender incurred three incident reports for failure to follow facility rules. On June 1, 2014, the offender was searched upon entering the facility, and the correctional officer located four tubes of tattoo ink, cigarettes, a lighter, and a package of rolling papers. All items were confiscated and the offender was given a sanction of extra facility duty. The offender was questioned by his RRC case manager and he told her, "I am a grown ass man and can't nobody tell me I can't smoke."

On June 25, 2014, the offender was observed by RRC staff smoking in the facility restroom. The correctional officer believed the offender was smoking Spice, however, the offender claimed he was only smoking a regular cigarette. A Blue lighter was confiscated from the offender.

On July 2, 2014, the offender returned to the RRC from a pass and blew .024% BAC on the portable breath test, testing positive for alcohol use. The offender admitted he bought a bottle of rum and drank it on the bus while on a pass from the RRC. He was given 40 hours of extra duty for this violation.

On August 10, 2014, the offender left the RRC at 6:15 a.m., to travel to work. His employer advised he never reported to work. The offender failed to return to the facility as required at 5:00 p.m. He called the facility at approximately 7:10 p.m. and stated he would return, however, he failed to do so. The probation officer made several attempts to contact the offender via his cell phone on August 11, 2014, with no contact made. The offender is considered an absconder and his whereabouts are unknown.

8. The Court placed Mr. Hodson under oath and directly inquired of Mr. Hodson whether he admitted violation 6 of his supervised release set forth above. Mr. Hodson admitted violation 6 as set forth above.

9. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade B (U.S.S.G. § 7B1.1(a)(2)).

violation

    (b) Mr. Hodson's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of Mr. Hodson's supervised release, therefore, is 18-24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; and (b) the defendant is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ROGER HODSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Court will recommend placement at a facility closest to Indianapolis, Indiana. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Hodson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Hodson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Hodson's supervised release, imposing a sentence of imprisonment of eighteen (18) months, with no supervised release to follow. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: _August 27, 2014_____

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal